# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH



### NO. 2-09-213-CV

SHEZAD MALIK                                                                         APPELLANT

V.

THOMAS SLONE AND                                                              APPELLEES
MICHAEL MEYER

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Shezad Malik attempts to appeal from the trial court's May 22, 2009 interlocutory order, which granted the Appellees' motion to disqualify him. On July 24, 2009, we sent Malik a letter stating our concern that we may have no jurisdiction over this appeal because the order does not appear to be a final appealable order or judgment, nor does it appear to be an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)

---

[1] *See* Tex. R. App. P. 47.4.

(Vernon 2008) (listing appealable interlocutory orders); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule that an appeal may be taken only from a final judgment).  We indicated that this court would dismiss this appeal if we did not receive a response showing grounds for continuing the appeal by August 3, 2009.  Malik filed a timely response, acknowledging that there is no interlocutory appeal available from the May 22, 2009 interlocutory order disposing of the disqualification motion.

Accordingly, because the order is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction.[2]  *See* Tex. R. App. P. 42.3(a), 43.2(f).

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  August 20, 2009

---

[2] Malik, in his response, requests a writ of mandamus.  Because his response does not comply with the requisites for a petition for writ of mandamus, we have sent a noncompliance letter.  Should Malik file a compliant petition for writ of mandamus, that petition will be filed in a separate cause number.  This opinion addresses and finally disposes of the interlocutory appeal only.

2